UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEROME BOUIE,

    Petitioner

v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE,

    Respondent

CIVIL NO. 3:10-CV-02239

(Judge Kosik)

FILED
SCRANTON
JAN 26 2011
PER _____
DEPUTY CLERK

## MEMORANDUM

Before the court are petitioner's objections to the Report and Recommendation of Magistrate Judge J. Andrew Smyser filed on November 17, 2010. (Doc. 5). For the reasons which follow, we will overrule the objections and will adopt the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Petitioner Jerome Bouie, a prisoner confined at the State Correctional Institution, at Mahanoy, Frackville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on October 29, 2010. In his petition, the petitioner is challenging the refusal of the Pennsylvania Board of Probation and Parole ("PBPP") to reparole him. Specifically, petitioner argues that the decision of the PBPP dated July 28, 2010 denied him due process because it was arbitrary and capricious. (Doc. 1, pp. 5, 13). On November 17, 2010, the Magistrate Judge filed a Report and Recommendation in which he recommended that the petition for writ of habeas corpus be dismissed. (Doc. 5). In particular, the Magistrate Judge found that petitioner did not have a liberty interest in reparole and that

-1-

he did not allege that he was denied reparole on the basis of an impermissible criteria. Therefore, the Magistrate Judge concluded that it plainly appeared from the petition that petitioner was not entitled to habeas corpus relief.

On December 3, 2010, the petitioner filed objections to the Report and Recommendation.(Doc. 6). In his objections, petitioner argues that the decision of the PBPP to deny his reparole and the reasons set forth therein are arbitrary and capricious and violate his due process rights. Petitioner asserts that he met the expectations of the PBPP by remaining misconduct free, by gaining institutional support and by completing the prescribed program plan. He attaches the decisions of the PBPP to his objections and requests the court to consider this additional evidence as an amendment to his petition.

## **DISCUSSION**

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. § 636(b)(1); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7, (3d Cir. 1984).

As the Magistrate Judge points out, the gravamen of the instant petition is the PBPP's alleged violation of Petitioner's due process rights in denying him reparole on the basis that the PBPP's actions were arbitrary and capricious. We agree with the Magistrate Judge's findings that no due process violation occurred in this case. The law is clear that the Due Process Clause applies only when the government deprives a person of liberty or property. "[T]here is no constitutional or inherent right to be conditionally released before the

expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Additionally, while a state may create a liberty interest which is protected by the Due Process Clause, see Sandin v. Connor, 515 U.S. 472, 484 (1995), Pennsylvania has created no such interest within its discretionary parole system. See Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996). Instead, parole is considered to be "a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence." See Rogers v. Pennsylvania Bd. of Probation and Parole, 724 A.2d 319, 322-23 (Pa. 1999). There simply is no constitutionally protected liberty interest in the expectation of being paroled. As such, the denial of parole itself cannot constitute a procedural due process violation inasmuch as there is no liberty interest in parole release. Thus, any such claim by Petitioner is wholly without merit.

A parole denial can, however, give rise to a substantive due process deprivation if it is based on constitutionally impermissible reasons. See Burkett v. Love, 89 F.3d at 139-140. The PBPP may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. Id. citing Block v. Potter, 631 F.2d 236 (3d Cir. 1980). Even though the granting of parole is discretionary, the PBPP cannot act in a manner which is arbitrary. See Hargrove v. Pennsylvania Bd. of Probation and Parole, Civ. No. 99-1910, 1999 WL 817722, *7 (E.D. Pa. Oct. 12, 1999). Federal courts, however, "are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001). A substantive due process violation will be found where the PBPP grounds its actions on "constitutionally impermissible reasons." Burkett, 89 F.3d at 139-140. In the instant case, there is nothing in the record to suggest that the PBPP based its denials of reparole on unconstitutional grounds. Rather, the record reveals that a rational basis does exist for the challenged decision of July 28, 2010.

As the Magistrate Judge sets forth, Petitioner was convicted in 1992 in the Court of Common Pleas of Philadelphia County of third degree murder, robbery and criminal

-3-

conspiracy. He was sentenced to a total term of 7 ½ to 25 years imprisonment. The petitioner apparently was released on parole at some point, but then he had his parole revoked. The petitioner contends that he has continually met the requirements for reparole, but that he has been denied reparole multiple times. He asserts that he was denied reparole on August 3, 2007, June 25, 2008, February 25, 2009 and July 28, 2010, the decision he is challenging in the instant petition. He argues that he has complied with all of the requirements of the PBPP, but that the PBPP has refused to reparole him in violation of his due process rights, in that the decision of July 28, 2010 is arbitrary and capricious.

Attached to petitioner's objections to the Report and Recommendation of the Magistrate Judge (Doc. 6) are the PBPP's Notice of Board Decision of June 25, 2008, the PBPP's Notice of Board Decision of February 25, 2009, Petitioner's Correctional Plans from 2009 and 2010 and the PBPP's Notice of Board Decision of July 28, 2010. A review of the documents submitted by Petitioner establish the following.

On June 25, 2008, following an interview with Petitioner and a review of his file, the PBPP rendered a decision to deny reparole. The reasons set forth for doing so were as follows: Petitioner's prior history of supervision failures; and Petitioner's need to participate in and complete additional institutional programs. Petitioner was informed that he would be reviewed on or after December, 2008 and at the next interview, the Board would review his file and consider whether he participated in/successfully completed a treatment program for: thinking for a change; whether he maintained a favorable recommendation for parole from the Department of Corrections and whether he maintained a clear conduct record and completed the Department of Corrections Prescriptive Programs. (Doc. 6, Ex. 1).

On February 25, 2009, Petitioner again received a parole review. Reparole was denied following an interview with Petitioner and a review of his file. The following reasons were provided for the denial: Petitioner's risk and needs assessment indicating his level of risk to the community; his prior unsatisfactory parole supervision history; reports, evaluations and assessment/level of risk indicates Petitioner's risk to the community; Petitioner's minimization/denial of the nature and circumstances of the offenses committed. Petitioner's

-4-

next review was scheduled on or after January of 2014, and the Board informed him that at his next interview, they would review his file and consider: whether Petitioner successfully participated in/successfully completed a treatment program for thinking for a change or other cognitive behavioral program; whether petitioner maintained a favorable recommendation for parole from the Department of Corrections; and whether Petitioner maintained a clear conduct record. (Doc. 6, Ex. 2).[1]

Another parole review following an interview and file review was recorded on July 28, 2010. Reparole was denied for the following reasons: Petitioner's risk and needs assessment indicating his level of risk to the community; petitioner's prior unsatisfactory parole supervision history; and petitioner's minimization/denial of the nature and circumstances of the offenses committed. Petitioner was informed that he would be reviewed again on or after January 2014 and that at the next interview the Board would consider: whether Petitioner maintained a favorable recommendation for parole from the Department of Corrections and whether petitioner maintained a clear conduct record. (Doc. 6, Ex. 5).

As we indicated earlier, federal courts are not authorized by the due process clause to second-guess parole boards, and the requirements of substantive due process are met if there is some basis for the challenged decision. In the instant case, there is nothing in the documents submitted by Petitioner to suggest that the PBPP based its denials of reparole on unconstitutional grounds. Rather, the record reveals that a rational basis for the challenged decisions does exist. The reasons set forth by the PBPP in each of its decisions denying Petitioner reparole are not outside the PBPP's discretion, which is very broad. Further, while Petitioner argues that he complied with the PBPP's directives, he does not set forth any arguments that the reasons cited by the PBPP for denying reparole were constitutionally impermissible reasons.

As previously stated, the PBPP may not base a parole decision on factors

---

[1] Attached to petitioner's objections (Doc. 6, Ex. 3 and Ex. 4) were two Pennsylvania Department of Corrections DC-43 Integrated Correctional Plans for Petitioner which indicated several programs completed by Petitioner.

bearing no rational relationship to the interests of the Commonwealth. Burkett, 89 F.3d at 139-40. "Essentially, the duty of the parole board when reviewing applications for parole is to act in a manner that avoids making the parole process arbitrary, even though the granting of parole is a discretionary matter. . . ." See Hargrove v. Pennsylvania Bd. of Probation and Parole.,Civ. No. 99-1910, 1999 WL 817722, *7 (E.D. PA. Oct. 12, 1999). Pennsylvania law grants the Board a large measure of discretion in parole decisions. Permissible considerations include the conduct of the inmate when in prison and his physical, mental and behavioral condition and history. The PBPP set forth the reasons supporting its denials of reparole and it cannot be said that they are arbitrary reasons not in the best interests of the inmate and rationally related to the legitimate interests of the Commonwealth.

Petitioner appears to argue that he currently has a favorable DOC recommendation for parole and has completed required institutional programs. Even accepting these assertions as true, they are but two factors to be considered by the PBPP in making a decision as to whether to grant reparole. According to Petitioner's last parole review conducted in July 2010, the reasons given for the denial of reparole focused on Petitioner's risk and needs assessment indicating Petitioner's level of risk to the community; Petitioner's prior unsatisfactory parole supervision history; and Petitioner's minimization/denial of the nature and circumstances of the offenses committed. In the Notice of Board Decision, the PBPP states that during Petitioner's next parole review, it will consider whether Petitioner has maintained a favorable recommendation from the Department of Corrections and whether Petitioner maintains a clear conduct record. Thus, the door to release on reparole in the future is not closed for Petitioner. In the latest reparole denial, the PBPP specifically states that Petitioner will receive another review in or after January 2014.

For all of the foregoing reasons, we will overrule Petitioner's objections, we will adopt the Report and Recommendation of the Magistrate Judge, and we will dismiss the instant petition for writ of habeas corpus. An appropriate Order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME BOUIE,<br><br>    Petitioner<br><br>v.<br><br>PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE,<br><br>    Respondent | CIVIL NO. 3:10-CV-02239<br><br>(Judge Kosik) |

**ORDER**

NOW, THIS 26 DAY OF JANUARY, 2011, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge J. Andrew Smyser dated November 17, 2010 (Document 5) is **ADOPTED**;

(2) The Petitioner's objections (Doc. 6) are **OVERRULED**;

(3) The petition for writ of habeas corpus is **DISMISSED**;

(4) The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge; and

(5) Based on the Court's conclusions herein, a Certificate of Appealability will not be issued.

Edwin M. Kosik
United States District Judge